UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIM G. MINOR** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-0222** |
| **ORLEANS PARISH SCHOOL BOARD** | **SECTION "C" (3)** |

### ORDER AND REASONS

Before the Court is an application for appointment of counsel pursuant to 42 U.S.C. 2000e-5(f)(1) filed by pro se plaintiff, Kim G. Minor ("Minor"). The Court conducted a telephone hearing on July 18, 2005, following which the matter was taken under advisement. The Court, having considered the premises, DENIES petitioner's application for appointment of counsel for the following reasons.

The Court's power to "appoint counsel" is derived from Title VII. Plaintiff does not have either a constitutional right or an automatic right to appointed counsel in a civil case.[1] Unlike a criminal defendant, an indigent civil rights litigant, even if incarcerated, does not have a right to appointed counsel absent "exceptional circumstances."[2] Indeed, the federal court has considerable discretion in determining whether to make such an appointment in a civil case.[3] The Court has discretion to appoint counsel in such a case if doing so would advance the proper administration of

---

[1] See Caston v. Sears, Roebuck and Co., 556 F.2d 1305, 1309 (5th Cir. 1977).

[2] See Norton v. E.U. Dimazana, 122 F.3d 286, 293 (5th Cir.1997); Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Vitug v. Merit Systems Protection Board, 2002 WL 1216023 (E. D. La.) (Shushan, M. J.); Sly v. Stalder, 2002 WL 31371958 (E. D. La.) (Wilkinson, M. J.).

[3] See Salmon v. Corpus Christi Independent School District, 911 F.2d 1165, 1166 (5th Cir. 1990).



justice.[4]  The plaintiff bears the burden of persuasion as to the necessity of such an appointment.[5]

The evidence which must be adduced includes the plaintiff's indigence and efforts made by the plaintiff to secure counsel; however, these are bare minimum *threshold* considerations. Additionally, the Court should consider the following factors: (a) the type and complexity of the case; (b) whether the indigent is capable of presenting his case adequately; (c) whether he is in a position to investigate his case adequately; and (d) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.[6] The court should also consider whether appointment of counsel would be of service to the court and the defendant by sharpening the issues in the case.[7]

As to the complexity of the Title VII claims brought by the plaintiff, the Court notes that the plaintiff's failure to promote/removal gender and racial discrimination claims were presented to the EEOC. The plaintiff was a direct participant in the circumstances that form the basis of his EEO complaint. Moreover, the plaintiff recounts the circumstances precipitating his complaint with some degree of precision.  Plaintiff's complaint is that, Ms. Carol A. Christen, Benjamin Franklin's principal, had no just cause in removing him from the baseball head coaching position and the girl's assistant coaching position and gave no reason for denying his promotion to head coach of the girl's basketball team. Minor explains that these positions were filled by a white male and white females,

---

[4]*See Ulmer v. Chancellor,* 691 F.2d 209, 212-13 (5th Cir. 1982); *Salmon v. Corpus Christi Independent School Dist.,* 911 F.2d 1165, 1166 (5th Cir.1990).

[5]*See Caston,* 556 F.2d at 1310.

[6]*Parker v. Carpenter,* 978 F.2d 190, 193 (5th Cir.1992); *Ulmer,* 691 F.2d at 213.

[7]*Id.*

respectively, and that there are no longer any African American coaches at Benjamin Franklin High School.

The Court recognizes that every litigant benefits by having an attorney. However, the burden is on the plaintiff to demonstrate that, unique from other *pro se* litigants, he will have particular difficulty in investigating and presenting his case, such that his situation justifies the special benefit of having counsel appointed to represent him. For reasons set forth above, the Court finds that this is not the type of *extraordinary* case in which appointment of counsel will necessarily assist either the parties or the court with presentation of the issues. Rather, on balance, the factors weigh against granting plaintiff's application for the appointment of counsel at this stage of the proceedings. Accordingly,

**IT IS ORDERED** that Kim G. Minor's application for appointment of counsel is DENIED.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served within ten days after being served with a copy of this order. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b) A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the unobjected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 19 day of JULY, 2005.

DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE

3